Gerald H. GOLDBERG, Director of Revenue, State of Missouri, Appellant,

v.

STATE TAX COMMISSION of Missouri, et al., Respondents,

Montgomery Ward & Co., Inc., Intervenor.

No. WD 31888.

Missouri Court of Appeals, Western District.

Oct. 13, 1981.

John D. Ashcroft, Atty. Gen., Christopher M. Lambrecht, Asst. Atty. Gen., Jefferson City, for appellant.

Russell W. Baker, Kansas City, for respondent.

David J. Kornelis, Kansas City, for intervenor.

Before MANFORD, P. J., and DIXON, and NUGENT, JJ.

NUGENT, Judge.

The Director of Revenue appeals the decision of the circuit court dismissing the Director's appeal to the circuit court from a decision and order of the State Tax Commission. We reverse and remand for further proceedings.

Montgomery Ward & Co., Inc., (taxpayer), filed its first amended petition and appeal before the State Tax Commission appealing "a final decision of the Director of Revenue or the Department of Revenue" regarding the proper determination of its Missouri income taxes for the fiscal years ending in 1971 through 1974. Specifically,

Montgomery Ward appealed the Director's decisions to include in its income, subject to apportionment, additional interest income in the amount of $56,510,653 for the four fiscal years and to limit the taxpayer's deduction for federal income taxes for the same period by $45,781,250. Thereafter the Director filed a petition for judicial review in the circuit court of Cole County praying that court to reverse that part of the decision and order of the Tax Commission which had reversed the Department of Revenue's final decision. Goldberg alleged that the Tax Commission's decision and order was in violation of Missouri's Constitution, was in excess of the statutory authority and jurisdiction of the Tax Commission, was not supported by competent and substantial evidence upon the whole record, was unauthorized by law, was arbitrary and capricious, and involved an abuse of discretion. Goldberg further alleged that he had exhausted all administrative remedies thereby leaving him aggrieved by a final decision in a contested case and entitled to judicial review pursuant to Supreme Court Rule 100.03.

The Tax Commission did not appear in the circuit court action. The taxpayer intervened, answered and moved dismissal of the petition for judicial review on the ground that the Director lacked legal standing under Rule 100.03 to appeal the commission's decision and order. The trial court sustained the motion and issued its order dismissing Goldberg's petition for review. From that order, the Director has appealed to this court.

The only issue presented in the instant case is that of the standing of the Director of Revenue to appeal a decision and order of the State Tax Commission. That issue is the same as and is indistinguishable from the issue recently decided by the Missouri Supreme Court in *Gerald H. Goldberg, Director of Revenue v. State Tax Commission of Missouri and A. P. Green Refractories Co.*, 618 S.W.2d 635, 638–640, (1981). The court ruled that the Director has such standing.

We, therefore, reverse the trial court's decision and remand the case to the trial court with directions to set aside its order dismissing the Director of Revenue's petition for review and to permit the case to proceed on its merits.

All concur.